## IN THE MATTER OF DAVIS (two cases).

(SUPREME COURT DISCIPLINARY NOS. 59, 60)

PER CURIAM.

These two disciplinary proceedings were brought against Mr. Davis by the State Disciplinary Board.

In proceeding No. 59, Davis was charged with violations of Standards 63 and 65.[1] These violations occurred after Davis obtained a settlement in his client's lawsuit and deposited the money in his escrow account. Davis never accounted to his client for the funds. The special master found violations of these two standards and the Disciplinary Board recommended indefinite suspension.

Davis argues that he was not properly charged with a violation of Standard 63 and that failure to account for a client's funds is not a ground for disbarment if unaccompanied by fraud or dishonesty. Both of these arguments are patently without merit, and we agree with the special master's findings that these standards were violated by Davis' failure to render appropriate accounts to his client and by commingling his client's funds with his own.

In proceeding No. 60, Davis was charged with violations of Standards 4 and 65.[2] The special master found a violation of Standard 4 when Davis failed to disburse funds to his client as he had

---

[1] Standard 63 provides: "A lawyer shall maintain complete records of all funds . . . and other properties of a client coming into the possession of the lawyer and promptly render appropriate accounts to his client regarding them." Standard 65 provides: "A lawyer shall not commingle his client's funds with his own and shall not fail to account for trust property, including money and interest paid on the client's money . . . held in any fiduciary capacity."

[2] Standard 4 provides: "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation."

previously agreed and by counselling his client to conceal these funds from the bankruptcy court. Standard 65 was violated when Davis converted these client funds to his own use. The Disciplinary Board recommended indefinite suspension.

Upon review of the record in this proceeding, we hold that the special master was correct in finding that Davis was not entitled to claim as attorney's fees the funds he withheld from his client and in finding that Standard 4 was violated. Davis' contention that he was deprived of notice and an opportunity to be heard regarding the Standard 4 violation is without merit. Davis was notified in the formal complaint that he was charged with a violation of Standard 4 because of his failure to pay funds rightfully due his client. Although the special master also concluded that Davis had violated Standard 4 by counselling his client to conceal funds from the bankruptcy court, this was an additional ground for finding a Standard 4 violation. There was ample evidence to find a violation of Standard 4 on the basis of Davis' conduct in withholding client funds. Thus, disregarding the concealment issue entirely, we agree that a violation of Standard 4 occurred and that Davis had adequate notice and a proper hearing which allowed him to respond fully to this violation.

The recommendations of the Disciplinary Board are hereby adopted. It is ordered that Raborn L. Davis be suspended indefinitely from membership in the State Bar of Georgia.

*It is so ordered. All the Justices concur, except Gregory, J., not participating.*

DECIDED JANUARY 19, 1981 —
REHEARING DENIED FEBRUARY 3, 1981.

*Omer W. Franklin, Jr., General Counsel State Bar, Viola L. Sellers, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Amos R. Worth,* for Davis.